IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALONZO DORSEY,                    :
                                              No. 4:04-CV-2172
            Plaintiff,              :

v.                                  :        (Judge McClure)

CAPTAIN DAVID B. ORWIG, et al., :

            Defendants,             :

## <u>O R D E R</u>

April 19, 2005

**BACKGROUND:**

On or about September 29, 2004, plaintiff, Alonzo Dorsey, then a prisoner at Delaware County Prison, Thornton, Pennsylvania, commenced a § 1983 action alleging violations of his constitutional rights while in state custody at Camp Hill State Correctional Facility, Camp Hill, Pennsylvania.  On January 24, 2005, the defendants filed a motion to dismiss.  The supporting brief for this motion was filed on February 7, 2005.  Initially, plaintiff did not file a response to the defendants' motion to dismiss.

As the court was uncertain that Dorsey had received his copy of defendants' motion to dismiss and supporting brief, the court, by order of March 4, 2005,

1

directed the clerk to forward copies of the foregoing motion and brief to plaintiff at

the new address of which he had advised us by notice filed October 18, 2004.

In that order, the court extended Dorsey's time to and including March 25,

2005 within which to file a brief in response to defendants' motion to dismiss.

Dorsey was advised and warned that failure on his part to file a brief in

opposition to the foregoing motion on or before March 25, 2005 would result in a

determination by the court that plaintiff had abandoned interest in the case, and the

complaint would then be dismissed for failure to prosecute and for failure to

comply with a court order.

Due to an inadvertent error, the documents mailed to Dorsey on March 4,

2005 were returned to the court as undeliverable.  Accordingly, on March 16, 2005,

the court entered a further order directing the clerk's office to forward copies of

the motion to dismiss and supporting brief, as well as the court's March 4, 2005

order  and the subject order to Dorsey at his correct address.

This time Dorsey was provided an extension of time to and including April 6,

2005 to file a brief in response to defendants' motion to dismiss.

Again, Dorsey was advised and warned that failure on his part to file a brief

in opposition to the foregoing motion on or before April 6, 2005 would result in a

determination by the court that plaintiff had abandoned interest in the case, and the

complaint would then be dismissed for failure to prosecute and for failure to comply with a court order.

On April 7, 2005, Dorsey filed an unsigned document which we will construe as a brief in opposition to defendants' motion to dismiss. Substantively, the document was non-responsive to defendants' motion and was identical to a document filed earlier in the litigation entitled "Briefing for Summary Judgment." (Compare Rec. Doc. No. 20 with Rec. Doc. No. 30.)

Defendants' motion to dismiss is meritorious. Defendants argue that plaintiff has not exhausted his administrative remedies. Based upon the representations set forth in the motion to dismiss and supporting brief, it appears that plaintiff has indeed not exhausted his administrative remedies, a full and proper defense to such an action. The Prisoner Litigation Reform Act of 1995 ("PLRA") requires inmates to exhaust their administrative remedies before bringing an action under § 1983 or any other federal law. The PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In Booth v. Churner, 532 U.S. 731 (2001), the United States Supreme Court held

that, regardless of the relief offered through the administrative procedures,

Congress clearly mandated exhaustion in the PLRA.  Id. at 741.

Dorsey's complaint alleges that several of the defendants used excessive

force upon Dorsey for no reason and denied him prompt medical attention for the

injuries he sustained as a result of their use of force.  The complaint also alleges

that Dorsey was denied water, meals on certain days, mail, visits, sheets and

blankets, and exercise.

According to defendants' brief, the Department of Corrections had and

continues to have a Consolidated Inmate Grievance Review System.  Defendant

states that Administrative Directive 804 was in effect as the grievance review system

at the time of the events which form the basis of Dorsey's complaint.  The brief

states that at the time Dorsey's claims arose the grievance review system provided

an inmate fifteen (15) working days to submit a written grievance to the prison

Grievance Coordinator from the time the events occurred on which the grievance

was based.  Commonwealth of Pa., Dep't of Corr., Consolidated Inmate

Grievance Review System, Policy Statement 804.  Upon receiving a decision from

the Grievance Coordinator an inmate could appeal the decision in writing to the

prison superintendent within five (5) working days and present a final written appeal

to the Secretary's Office of Inmate Grievances and Appeals within five (5) working

days.  Id.  According to Grievance Review Officer Tracey Pollock, there is no record of Dorsey having appealed any grievance decision to the Department of Correction's Office of Inmate Grievances and Appeals.  (Rec. Doc. No. 26, at 5.)[1] Therefore, Dorsey has failed to exhaust the available administrative remedies regarding the claims in his complaint before filing his lawsuit and the complaint must be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.     The defendants' motion to dismiss is granted.  (Rec. Doc. No. 25.) Dorsey's claims in his complaint cannot be pursued because he failed to exhaust his administrative remedies.

2.     The clerk is directed to close the case file.

   s/ James F. McClure, Jr.   
James F. McClure, Jr.
United States District Judge

---

[1]Pollock's declaration appears to have been inadvertently unattached to defendants' brief in support of their motion to dismiss.

5